UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY ESQ. SR. DBA SHEETMETAL & ASSOCIATES, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF VETERANS AFFAIRS, <br><br> Defendant. | Case No. 2:25-cv-1887-TLN-CSK <br><br><br> FINDINGS AND RECOMMENDATIONS <br><br><br> (ECF Nos. 1, 2) |

Plaintiff Shannon O. Murphy Sr. is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.     **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See* ECF No. 2. However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous or without merit because it fails to state a claim. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

/ / /

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co*., 80

F.3d 336, 339 (9th Cir. 1996).

### III. THE COMPLAINT

Plaintiff brings this action against Defendant U.S. Department of Veterans Affairs. *See* Compl. at 1 (ECF No. 1). Plaintiff brings this action on behalf of himself and d/b/a Sheetmetal & Associates. *Id.* Plaintiff lists the following five (5) causes of action against Defendant: (1) "Tort-Negligence;" (2) breach of contract; (3) discrimination; (4) harassment; and (5) assault. *Id*. at 2. The allegations of the Complaint are difficult to understand. *See generally* Compl. As best as the Court can tell, Plaintiff's allegations seem to stem from a letter sent from Defendant in May 2020 notifying Plaintiff the results of a class action and the impact of the class action on Plaintiff's prior claim for reimbursement of health care costs. *See id*. at 5. For each cause of action, Plaintiff alleges the following: (1) "Tort-Negligence: Defendants, and after attorney's jurisdiction, failed proper reply attends, fair recovery of money lost, after defendant admit fail proper claims process…failed their appropriate to an correct remedy, include for at even beyond standard injury claim applies;" (2) "Breach of Contract: Defendant jurisdiction, did breach relative contract, occurs by law, applies of government agent, implies paralegal, to allow 'standard, about injury claim disposition', as it has in fact continue, at failed;" (3) "Discrimination: Defendants, at applies plaintiff, then, when was their claimant, Murphy, detoured fair due-process protocol jurisdiction, where acts of negligence occur, include loss, since defendant, VA agent(s) arranged remedy letter, notify plaintiff...VA malfunction, cause plaintiff illness;" (4) "Harassment: Defendant, VA agent(s), tort claim agents, did in fact commit acts continuous, to of negligence reply theirs at of letter sent to me by them, dated May 2020; Plaintiff appealed, when result, issued to standard type claim for injury admin., since he was cause suffer, irritation, occur further, to more pro-business loss;" and (5) "Assault: is concerns here relevant case defendants, did reply, they at jurisdiction did act, and to apply unfair delay tactics, in order detour fair due-process regards priority matters to plaintiff Murphys legal professional business, they continue to act covet, a protocol fair due-process regard reply responsible injury claim, at

4

compensation." *Id*. at 2. Plaintiff further alleges Defendant caused Plaintiff injury including to "suffer relative occur panic-attack, upset Bipolar disorder." *Id*. For relief, Plaintiff is seeking $350,000 in damages and other forms of relief. *Id*. at 3.

## IV. DISCUSSION

### A. Pro Se Plaintiff Cannot Represent an Entity

It appears Plaintiff also seeks to bring this action on behalf of an entity, Sheetmetal & Associates. *See* Compl. at 1. However, a corporation or other entity must be represented by an attorney and may not appear in this action without counsel. *See* E.D. Cal. Local Rule 183(a) ("A corporation or other entity may appear only by an attorney."); *see also Caveman Foods, LLC v. jAnn Payne's Caveman Foods, LLC*, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) ("While individuals may appear in propria persona, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability."). Plaintiff may not bring this action on behalf of Sheetmetal & Associates because Plaintiff is pro se. In addition, Plaintiff has been informed in separate actions that he cannot represent an entity because he is pro se. *See Murphy v. Colony Ins. Co*., No. 2:20-cv-00303-JAM-CKD at 3 (E.D. Cal. Feb. 18, 2020) ("Plaintiff is also informed that he cannot represent his company, Sheetmetal & Associates…the rules are clear that an entity may appear only by an attorney."); *Murphy v. First Republic Bank, N.A*., 2:21-cv-0399-JAM-CKD PS at 5 (E.D. Cal. April 5, 2021) ("As plaintiff has also been cautioned on several occasions, he cannot represent his company [Sheetmetal & Associates] because he is not an attorney."). As such, the Court will disregard Sheetmetal & Associates in its review of the Complaint.

### B. Sovereign Immunity

Defendant U.S. Department of Veterans Affairs is a federal agency. Plaintiff's claims against Defendant should be dismissed based on the doctrine of sovereign immunity. "Suits against the federal government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign

5

immunity." *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014). Without a waiver, sovereign immunity bars both equitable and legal claims against the United States, its agencies, and its officers acting in their official capacities. *See Assiniboine & Sioux Tribes of Fort Peck Indian Reservation v. Bd. Of Oil & Gas Cons. Of State of Mont.*, 792 F.2d 782, 792 (9th Cir. 1986). Plaintiff does not allege any basis for waiver here. *See generally* Compl. Accordingly, Defendant is immune from suit and should be dismissed.

### C. Improper Defendant under the FTCA

Although Plaintiff does not allege anywhere in his Complaint that he is proceeding under the Federal Tort Claims Act, Plaintiff attaches a letter from Defendant regarding an "Administrative Tort Claim" filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b). *See* Compl. at 6. To the extent Plaintiff is raising a FTCA claim, Plaintiff has failed to name the correct defendant. The FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. § 1346(b)(1)). The only proper defendant in a FTCA claim is the United States. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Here, Plaintiff has not named the United States as a defendant to this action. *See* Compl. at 1.

### D. Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts supporting any cognizable legal claim against Defendants. The Complaint consists of vague and conclusory allegations that fail to establish Plaintiff's causes of action. Because the Complaint is unintelligible, granting leave to amend in this case would not

be fruitful. In addition, Plaintiff has repeatedly raised the same claims in other actions despite being told how to adequately plead the elements of each of the claims he repeatedly asserts. *See Murphy v. First Republic Bank, N.A.*, 2:21-cv-0399-JAM-CKD (PS) (E.D. Cal. Apr. 5, 2021) (recommending dismissal for failure to state a claim and identifying Plaintiff's prior complaints that were dismissed for failure to state a claim for negligence, breach of contract, and assault), *report and recommendation adopted*, 2:21-cv-0399-JAM-CKD (PS) (E.D. Cal. May 21, 2021); *Murphy v. Nation's Giant Hamburgers*, 2024 WL 267857, at *2 (E.D. Cal. Jan. 24, 2024) (recommending dismissal for failure to state a claim and identifying Plaintiff's prior complaints that were dismissed for failure to state a claim or lack of subject matter jurisdiction), *report and recommendation adopted*, 2024 WL 1019959 (E.D. Cal. Mar. 8, 2024). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### E. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint consists entirely of minimal allegations with no discernible basis in law. *See generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against Defendant. In light of the Complaint's deficiencies, granting leave to amend would be futile. The Court further notes that Plaintiff has filed several complaints in this district court that were dismissed for failure to state a claim and/or for lack of subject matter jurisdiction. *See Murphy v. Travelers Insurance Company,* No. 24-cv-2589-TLN-CSK (PS) (E.D. Cal. 2024) (dismissed for failure to state a claim and lack of subject matter jurisdiction); *Murphy v Nation's Giant Burgers*, No. 23-cv-0852-DJC-JDP

(PS) (E.D. Cal. 2024) (dismissed for failure to state a claim without leave to amend); *Murphy v. First Republic Bank, N.A.*, No. 2:21-cv-00399-JAM-CKD (PS) (E.D. Cal. 2021) (discussing plaintiff's repeated failure to establish subject matter jurisdiction and satisfy the pleading standard); *Murphy v. Federal Express Corp.*, No. 2:21-cv-00142-KJM-KJN (PS) (dismissed for failure to state a claim and "for being wholly frivolous") (E.D. Cal. Jan. 28, 2021). The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 16, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, murp1887.25